

**ORDERED in the Southern District of Florida on June 7, 2017.**

A. Jay Cristol, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov**

| | |
|---|---|
| In re: | CASE NO.: 17-12334-AJC |
| ERNESTO BRANA | CHAPTER: 13 |
|     Debtor | |
| _____/ | |

### AGREED ORDER GRANTING MOTION TO VALUE AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY HELD BY BANK OF AMERICA, N.A., D.E. # 19

**THIS CAUSE** having come before the court upon the Debtor, **ERNESTO BRANA'S,** Motion to Value and Determine Secured Status of Lien on Real Property Held by Bank of America, N.A. (D.E. #19), having been advised the parties have reached an agreement, this court having considered the basis for the motion, and being otherwise duly advised in the premises, it is

    A.    The value of the debtor's real property (the "Real Property") located at

2560 W. 60th Street, Apt #203, Hialeah, FL 33016-4437, and more particularly described as:

**Legal Description: UNIT 203, VILLAS DE MARBELLA CONDOMINIUM, BLDG 2560, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 24822, PAGE(S) 909, ET SEQ., OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA; AND ANY AMENDMENTS THERETO; TOGETHER WITH AN UNDIVIDED INTEREST IN AND TO THOSE COMMON ELEMENTS APPURTENANT TO SAID UNIT IN ACCORDANCE WITH AND SUBJECT TO THE COVENANTS, CONDITIONS, RESTRICTIONS, TERMS AND OTHER PROVISIONS OF THE DECLARATION OF CONDOMINIUM**

is $ 70,898.00 at the time of the filing of this case.

B. The total of all claims secured by liens on the Real Property senior to the lien of Bank of America, N.A.(the "Lender") is $169,696.88..

C. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Lender is $0.00 and Lender has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Lender has an allowed secured claim in the amount of $ 0.00.

3. Because Lender's secured interest in the Real Property is $0, Lender's mortgage recorded on September 13, 2007 at OR BOOK   25924   Pages  2294-2298 (5 pages)   of the official records of   Miami-Dade   County, Florida shall be deemed void and shall be extinguished automatically, without further order of the Court, upon entry of the debtor's discharge in this chapter 13 case.  If this case is converted to a case under any other chapter or if the chapter 13 case is dismissed, Lender's mortgage will no longer be considered void and shall be restored as a lien on the

Real Property.

4. Lender has filed a proof of claim (#2-1) in this case. I t s hall be classified as a secured claim in the amount stated in paragraph 2, above, and as a general unsecured claim for any amount in excess of such secured claim, regardless of the original classification in the proof of claim as filed.

5. The Real Property may not be sold or refinanced without proper notice and further order of the Court.

6. Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtor receives a discharge in this chapter 13 case.

7. Each party shall bear their own attorney's fees and costs incurred in the present case number.

###

Submitted By:
RICARDO CORONA, ESQ.
Florida Bar No. 111333
CORONA LAW FIRM
3899 NW 7 Street, Suite 202-B
Miami, FL 33126
(305) 266-1150 Phone

Attorney for debtor is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.